UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Dim Njaka,**  Civil No. 07-CV-1435 (JNE/SRN)

        **Plaintiff,**  REPORT & RECOMMENDATION

v.

**Deputy Lance Hellerud, in his
official and individual capacity,**

        **Defendant.**

Dim Njaka, Box 244, Long Lake, Minnesota 55356, Pro Se

Mary Rice, Fafinski, Mark & Johnson, PA, 775 Prairie Center Dr., Suite 400, Eden Prairie, Minnesota 55344, for Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

      This matter is before the Court on Plaintiff's Motion to Dismiss (Doc. No. 191); Defendant's Motion to Dismiss, and in the alternative, Renewed Amended Motion to Compel (Doc. No. 196); and Plaintiff's Motion to Compel (Doc. No. 205). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 42 U.S.C. § 636 and Local Rule 72.1.

**I.    FACTUAL AND PROCEDURAL HISTORY**

      The factual history of this civil rights action arises from a March 6, 2005 encounter between Plaintiff Dim Njaka and an employee of the City of Rockford, and a subsequent encounter between Plaintiff and Wright County law enforcement officers who were dispatched in response to a call by the city employee regarding Plaintiff's behavior. (Complaint ¶¶ 8-11.)

1

Wright County law enforcement officers, including Defendant Deputy Lance Hellerud stopped and questioned Plaintiff, whose presence near a municipal water treatment plant had aroused the suspicions of the city employee. The officers eventually conducted a pat-down search of Plaintiff, who alleges that they improperly searched his groin area. Wright County officers filmed a videotape of this incident. After questioning Plaintiff, the officers let him go and no charges were filed.

In March 2007, Plaintiff filed suit against the City of Rockford and several other defendants, alleging violations of 42 U.S.C. § 1983. On May 27, 2008, this Court granted the motions to dismiss brought by several defendants and as a result, Deputy Lance Hellerud is the sole remaining defendant in the case.

On July 30, 2008, this Court entered a Pretrial Scheduling Order (Doc. No. 94), requiring discovery to be completed by February 1, 2009. Mr. Njaka filed a motion to extend the discovery deadline, due to the illness and hospitalization of his mother, and this Court issued an Amended Pretrial Scheduling Order (Doc. No. 110), setting a deadline of May 1, 2009 for the completion of discovery. On December 1, 2008, Plaintiff filed a motion seeking a 45-day stay of all deadlines, again based on the health of his mother, who remained hospitalized and required Mr. Njaka's care and assistance with language translation. This Court granted the motion and the deadline for discovery was extended to June 15, 2009. (Second Am. Pretrial Scheduling Order, Doc. No. 124.)

The parties then began to engage in the discovery process. In March 2009, Defendant Hellerud served discovery requests on Plaintiff and his deposition was noticed for April 27, 2009. (See Def.'s Mem. Supp. Mot. Dismiss at 3.) Because the integrity of the videotape of

Plaintiff's pat-down search was in dispute, on March 16, 2009, this Court ordered the parties to obtain separate forensic video experts to examine the videotape. The Court ordered Plaintiff to obtain the videotape and provide it to his expert for a 30-day period, following which the tape would be transferred to Defendant's expert for a 30-day review period. (Minute Order of 3/16/09, Doc. Nos. 147 & 148.)

Plaintiff informed the Court by letter of April 9, 2009 that he would be out of town for one to one and a half months, prompting counsel for Defendant to reschedule Mr. Njaka's deposition for June 2, 2009 and to demand his overdue responses to the outstanding discovery. (Letter of 4/15/09 from M. Rice to D. Njaka, Ex. F to Def.'s Mot. Compel, Doc. No. 154-6.) On May 6, 2009, the Court extended the discovery deadline to August 1, 2009, as Mr. Njaka had informed the Court of his mother's death and consequent need to travel to Africa on matters related to her death. (Order of 5/6/09, Doc. No. 150.) The Court ordered Mr. Njaka to complete his videotape expert review by July 1, 2009, at which time the videotape would be made available to Defendant's expert. (Id.)

By letter of May 28, 2009, counsel for Defendant, Ms. Rice, notified Mr. Njaka that his deposition was rescheduled to June 30, 2009, and reminded him that his discovery responses were overdue. (Letter of 5/28/09 from M. Rice to D. Njaka, Ex. G to Def.'s Mot. Compel, Doc. No. 154-7.) On June 11, 2009, Ms. Rice inquired as to whether Mr. Njaka was back in the United States and reminded Mr. Njaka of the upcoming deposition on June 30, and also requested the overdue discovery responses. (Letter of 6/11/09 from M. Rice to D. Njaka, Ex. H to Def.'s Mot. Compel, Doc. No. 154-8.)

On June 12, 2009, Defendant filed a motion to compel (Doc. No. 151) pursuant to the

Court's deadline requiring all nondispositive motions relating to discovery to be served and filed by June 15, 2009. Ms. Rice reports that on June 25, 2009, she learned that Mr. Njaka would not be available for his June 30 deposition, due to malaria. Although Ms. Rice asked that Mr. Njaka contact her on June 29, 2009 to confirm that he remained ill and therefore would be unable to attend his deposition, he did not do so. (Rice Aff. of 7/10/09 at ¶¶ 1-2, Doc. No. 164.) Receiving no confirmation, Ms. Rice convened the deposition on June 30 and noted Mr. Njaka's absence. (Rice Aff. of 7/10/09, Ex. A.)

Also on June 30, 2009, Mr. Njaka filed a motion seeking to stay the case for a 90-day period. (Pl.'s Mot. to Stay, Doc. No. 156.) Mr. Njaka reported that he had had telephone conversations with an attorney regarding possible legal representation in March 2009, however, upon his return from Africa, Mr. Njaka received a letter dated June 12, 2009 from the attorney, indicating that he would not represent him. (Njaka Decl. Supp. Mot. to Stay ¶¶ 3, 12-1 3, Doc. No. 158.)

Defendant subsequently served a Third Amended Notice of Deposition, scheduling Plaintiff's deposition for July 31, 2009 (Rice Aff. of 12/22/09, Ex. A), and served an Amended Motion to Compel (Doc. No. 161), requesting an order requiring Plaintiff to respond to the March 12, 2009 discovery requests and to appear for his July 31 deposition. On July 7, 2009, the Court issued an order temporarily staying all motions until the July 27, 2009 hearing date on Defendant's Motion to Compel and Plaintiff's Motion to Stay. (Order of 7/7/09, Doc. No. 160.)

On July 27, 2009, the Court issued an order referring Plaintiff to the Federal Bar Association's Pro Se Project and staying the case until Plaintiff obtained counsel for the purpose of assisting him with the inspection and testing of the videotape. (Order of 7/27/09, Doc. No.

4

169.)  The Court further denied Defendant's Amended Motion to Compel without prejudice and ordered that Plaintiff's deposition be rescheduled for a later date.  In addition, the Court ordered that once Plaintiff obtained counsel, he would be required to respond to Defendant's discovery and if he failed to do so, Defendant could renew his motion to compel at that time.  (Id.)

On September 14, 2009, the court issued the Third Amended Pretrial Scheduling Order (Doc. No. 173), upon the entry of a provisional appearance by counsel for Mr. Njaka related to the testing and inspection of the videotape.  (Third Am. Pretrial Scheduling Order of 9/14/09, Doc. No. 173.)  The Scheduling Order required Plaintiff to complete testing of the videotape by October 19, 2009, for Defendant to complete testing by November 20, 2009, and the stay would be lifted as of December 1, 2009.  Further, Plaintiff was to complete written discovery and appear for his deposition by January 15, 2010, all discovery was to conclude by February 1, 2010, and no further extensions would be permitted.  (Id.)

Following a November settlement conference that did not resolve the case, Ms. Rice served a Fourth Amended Notice of Deposition, scheduling Mr. Njaka's deposition for December 3, 2009.  (12/22/09 Rice Aff., Ex. C.)  On November 12, 2009, Plaintiff's counsel moved to withdraw, on the grounds that the limited purpose for which counsel had appeared – representation regarding the testing and inspection of the videotape – had concluded.  The Court granted the motion of Plaintiff's counsel to withdraw.  (Order of 12/4/09, Doc. No. 190.)

At a hearing on December 4, 2009, Defendant's counsel personally served on Plaintiff a Fifth Amended Notice of Deposition, scheduling Mr. Njaka's deposition for December 11, 2009, to be held at defense counsel's office.  The Court offered the use of a room in the courthouse for the deposition, to which the parties agreed, and Defendant therefore served a sixth deposition

notice, incorporating the change of location, and scheduling the deposition for December 11, 2009, at the Minneapolis Federal Courthouse.

On December 10, 2009, Mr. Njaka filed the instant Motion to Dismiss (Doc. No. 191), seeking dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Mr. Njaka did not appear for his deposition scheduled the following day. (Njaka Dep. Transcript of 12/11/09, Ex. D to Rice Aff. of 12/22/09.)

On December 22, 2009, Defendant filed his Motion to Dismiss (Doc. No. 196), seeking dismissal pursuant to Federal Rule of Civil Procedure 37 and 41(b), or alternatively, renewing his Motion to Compel. Defendant seeks dismissal with prejudice and on the merits, along with the costs and attorneys' fees in bringing this motion and in scheduling and attending Plaintiff's depositions. Defendant argues that Plaintiff has repeatedly ignored deadlines and Court orders. Consequently, Defendant contends that he has been prejudiced by the pendency of this action and Plaintiff's failure to prosecute it.

In response to Defendant's motion, Plaintiff contends that he attempted to comply with the court orders to the best of his ability. He attributes much of the need for delay to circumstances surrounding his mother's illness and death and to apparent misunderstandings and miscommunications between him and his former counsel regarding the videotape analysis. At the oral argument on his motion, Mr. Njaka made clear that if his motion is granted, he intends to contact his potential expert, Mr. Dickey, and re-file his case. Defendant opposes Plaintiff's motion for voluntary dismissal, arguing that he cannot satisfy any factor justifying voluntary dismissal and characterizing it as a thinly-veiled attempt to obtain another continuance.

At the hearing on the parties' motions, the Court informed Mr. Njaka that if he sought an

6

extension in order to complete the videotape testing, then dismissing his case without prejudice was not a permissible means to achieve that end. The Court therefore ordered Mr. Njaka to: (1) appear for his deposition; (2) respond to any outstanding discovery; and (3) produce to the Defendant and the Court an expert report supporting his contention that the subject videotape is not authentic. (Minute Order of 2/17/10, Doc. No. 212.) The Court ruled that unless Mr. Njaka satisfied all three of those requirements within 45 days, dismissal with prejudice would be recommended. Mr. Njaka orally expressed his opposition to the ruling, stating that he would prefer that the Court dismissed the case with prejudice, enabling him to appeal the ruling: "No, Your Honor, if that's going to be the ruling, then I – if you don't mind me saying, you might as well dismiss with prejudice so I can appeal to the circuit, because that's not going to be enough time." (Partial Transcript of 2/17/10 Motions Hearing at 3, Doc. No. 221.)

On February 22, 2010, Ms. Rice sent Mr. Njaka the Seventh Amended Notice of Deposition, which was scheduled for March 11, 2010. (Rice Aff. of 4/6/10, Ex. A.) In response, on March 5, 2010, Mr. Njaka informed Ms. Rice that he had spoken with the Clerk of Court's Office, and, as "no Order has been forthcoming from the court in regards to the hearing held on February 17, 2010, . . . your notification letter dated February 22, 2010 seems very, very premature to me and was designed to harass a pro se litigant." (Letter of 3/5/10 from D. Njaka to M. Rice, Ex. B to Rice Aff. of 4/6/10.) Ms. Rice replied, enclosing a copy of this Court's February 17, 2010 minutes, reciting this Court's Order, issued verbally. (Letter of 3/9/10 from M. Rice to D. Njaka, Ex. C to Rice Aff. of 4/6/10.) In addition, Ms. Rice stated that she expected to see Mr. Njaka at his March 11 deposition. (Id.)

The 45-day period set forth by this Court for the completion of Mr. Njaka's deposition,

the production of discovery responses and production of an expert report, elapsed on April 5, 2010. In her affidavit filed on April 6, 2010, Ms. Rice attests that Plaintiff failed to appear for his March 11 deposition, failed to provide responses to the outstanding discovery and failed to produce an expert report within the period mandated by this Court. (Rice Aff. of 4/6/10 ¶¶ 3-5; Exs. A, B, & C to Rice Aff.)

## II. DISCUSSION

### A. Motions to Dismiss

#### 1. Defendant's Motion for Dismissal With Prejudice

Defendant Hellerud moves for dismissal pursuant to Federal Rule of Civil Procedure 41(b), arguing that dismissal is appropriate due to Plaintiff's failure to prosecute his claims and for violations of this Court's orders.

Rule 41(b) allows a district court to dismiss an action involuntarily on a defendant's motion: "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless the dismissal order states otherwise, a dismissal under this rule operates as an adjudication on the merits. Id.

Although the language of Rule 41(b) is broad, dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). A district court thus should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." Id. (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)). Even if the

facts support dismissal with prejudice, this "'ultimate sanction . . . should only be used when lesser sanctions prove futile.'" Id. (citing Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)).

Courts in this circuit attempt to balance the egregiousness of the plaintiff's conduct against the severity of the sanction of dismissal, weighing the adverse effect of the plaintiff's conduct on the defendant and the administration of justice against the consequence of extinguishing a litigant's claim. See, e.g., Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005). A finding of bad faith is not required, but rather the court must determine if the plaintiff acted intentionally, as opposed to accidentally or involuntarily. Hunt, 203 F.3d at 527. "A finding of prejudice is proper if the failure to participate in discovery 'impairs an opponent's ability to determine the factual merits of a party's claim.'" LaBelle v. City of Roseville, 04-CV-4160 (PAM/RLE), 2006 WL 314498 at *1 (D. Minn. Feb. 9, 2006) (citing In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003)).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, Fletcher v. Southern Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1985), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, Edina Couriers, LLC v. UPS Mail Innovations, 06-CV-2137 (PAM/JSM), 2008 WL 80000 (D. Minn. Jan. 4, 2008), and failure to comply with an order for a deposition, Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). While courts exercise caution in

9

dismissing the claims of pro se plaintiffs, and pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, pro se plaintiffs are not excused from complying with court orders. Leach v. Waterway Car Wash, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

Dependent on the unique circumstances of each case, courts have held that where there is no showing of willful or intentional conduct, dismissal with prejudice is inappropriate. See, e.g., Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008). In Smith, the court held that the plaintiff had not intended to delay the proceedings by failing to comply with discovery. Id. Rather, the record demonstrated that the plaintiff has been incapable of complying with discovery deadlines due to a serious health problem that required surgery and that he had made sincere efforts to complete discovery, inform the court of his progress and explain his delays. Id.

In this case, Mr. Njaka has abdicated his responsibilities under the Federal Rules and under this Court's orders by persistently failing to respond to discovery requests, failing to appear for his deposition on three occasions and failing to procure an expert opinion regarding the authenticity of the videotape. Most notably, Mr. Njaka failed to comply with this Court's February 17, 2010 Order, specifically requiring him to meet those three requirements. His failings in responding to these discovery obligations and orders have prejudiced Defendant in his effort to fully determine the factual merits of Mr. Njaka's claims.

The Court can only conclude that Mr. Njaka's failure to respond to Defendant's discovery, and to this Court's orders, is willful. While Mr. Njaka requested certain discovery

extensions due to family responsibilities and the death of his mother – which this Court granted – he ultimately failed to timely respond to Defendant's discovery requests, despite multiple discovery extensions and frequent reminders from Ms. Rice that the discovery was due. The Court ordered Mr. Njaka to respond to the discovery. He has not only failed to comply with this Court's February 17, 2010 Order, but he has failed to provide an explanation for his lack of a response to Defendant's discovery.

In addition, Ms. Rice noticed Mr. Njaka's deposition on seven occasions. While his deposition was rescheduled for several reasons, including discovery extensions, on at least three occasions – June 30, 2009, December 11, 2009 and March 11, 2010 – Mr. Njaka failed to appear for his deposition. Upon receiving notification of the March 11, 2010 deposition, which the Court had ordered to be completed within the 45-day period following the February 17 hearing on these motions, Mr. Njaka characterized the scheduling of the deposition as "very, very premature," and a form of harassment. To the contrary, Ms. Rice was attempting to obtain the discovery that Defendant had rightfully requested, and which this Court had explicitly ordered, under a deadline. Mr. Njaka has offered no explanation for his failure to appear at the three convened depositions.

This Court has considered the possibility of imposing a less serious sanction than dismissal with prejudice, however, it is clear to this Court that less onerous sanctions will have no effect, particularly in light of Plaintiff's statements that he intends to re-file his case if his motion is granted. This Court therefore recommends dismissal with prejudice as the appropriate result in this case for Plaintiff's failure to comply with the orders of the Court.

In addition, Defendant moves to dismiss for Plaintiff's failure to prosecute under Rule

41(b). What constitutes a "failure to prosecute" is not fixed by settled rules, but depends on the particular facts and circumstances in a case. Navarro v. Des Moines Chief of Police, 523 F.2d 214, 217 (8th Cir. 1975) (citing J. Moore, Federal Practice § 41.11(2) at 1119; Wright & Miller, 9 Federal Practice & Procedure § 2369 at 204.)) Even according special consideration to pro se plaintiffs, other courts have held that dismissal for failure to prosecute is warranted where the plaintiff fails to pursue the claim, fails to provide an excuse for the delay, and fails to heed court warnings regarding the consequences for failure to advance the suit's claims. See Livecchi v. United States Dep't of Housing & Urban Dev., 153 Fed. Appx. 16 (2d Cir. 2005) (district court's pre-dismissal order provided pro se plaintiff with specific instructions and gave adequate warning that failure to comply could result in dismissal, and events at issue had occurred 13 years earlier, so that further delay would likely be prejudicial to HUD); Samman v. Conyers, 231 F.R.D. 163 (S.D.N.Y. 2005) (numerous extensions of discovery deadlines and explicit warnings that dismissal would result from failure to advance his case had been ineffective in motivating plaintiff to comply with discovery orders). While the failure to warn a litigant of the potential consequence of dismissal is not necessarily required, the Eighth Circuit has stated that it is particularly advisable for courts to forewarn pro se litigants: "While the failure to give warning that a litigant is 'skating on thin ice,' does not, alone, compel reversal [of the district court's dismissal], we certainly encourage it as it would put a litigant, especially a pro se litigant such as Smith, on notice that he risks irreversibly losing the right to bring suit." Smith, 526 F.3d at 405.

In this case, the Court granted numerous extensions of the discovery deadline before ultimately warning Mr. Njaka that if he did not comply with this Court's February 17 ruling in its entirety, dismissal with prejudice would be recommended. Plaintiff's Complaint was filed

over three years ago. In the prosecution of any case, a plaintiff is required to respond to the defendant's discovery requests and to work toward meeting court-imposed deadlines. Defendant has sought to obtain discovery needed to defend his case and has been prejudiced by Plaintiff's delay and failure to provide discovery responses. Because Plaintiff contests the authenticity of the videotape taken by law enforcement officers, it has been incumbent upon him to procure an expert who will provide an opinion consistent with his theory of the case. Mr. Njaka has failed to do so. He has failed to appear at his deposition on three separate occasions and he has failed to provide responses to discovery that Defendant served over one year ago, on March 12, 2009. Moreover, Mr. Njaka has not provided an explanation for his failure to satisfy these requirements, other than that he would like more time in which to obtain an expert opinion. Plaintiff's delay in prosecuting this case is unreasonable and the Court therefore recommends dismissal with prejudice for failure to prosecute.

Defendant seeks the award of costs and attorneys' fees incurred in bringing this motion and in scheduling and attending Plaintiff's scheduled depositions. The Court recommends that this portion of Defendant's motion be denied.

### 2. Plaintiff's Motion for Dismissal Without Prejudice

Having concluded that dismissal with prejudice under Rule 41(b) is proper, the Court accordingly recommends that Plaintiff's Motion for Voluntary Dismissal be denied, procedurally, and also on the merits. Plaintiff moves to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), which provides that an action may be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of this rule "is to prevent voluntary dismissals that unfairly affect the defendant." Paulucci v. City of Duluth, 826 F.2d

780, 782 (8th Cir. 1987). The decision to allow a plaintiff to voluntarily dismiss is in the sound discretion of the court. See Bodecker v. Local Union No. 46, 640 F.2d 182, 186 n. 5 (8th Cir. 1981) (citations omitted).

In determining whether to grant a plaintiff's motion for voluntary dismissal, courts consider numerous factors, including "the effort and expense expended by the defendant, the plaintiff's justification for dismissal, the fact that a motion for summary judgment has been filed, and whether dismissal would prejudice the defendant." Tikkanen v. Citibank (South Dakota) N.A., 801 F.Supp. 270, 273 (D. Minn. 1992) (citing Paulucci, 826 F.2d at 782-83.) Courts generally will grant motions for voluntary dismissal where the "only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci, 826 F.2d at 782.

In Scallen v. Minnesota Vikings Football Club, 574 F.Supp. 278, 280 (D. Minn. 1983), this Court held that where the plaintiff indicated his intention to further pursue antitrust litigation against the defendants in the future, and the defendants had gone to considerable expense to defend against the antitrust allegations, the plaintiff's motion for dismissal without prejudice would not be granted and the defendants were instead entitled to a ruling on the issues raised in their motions for summary judgment. Similarly, in Tikkanen, this Court denied the plaintiff's motion for voluntary dismissal, holding that "Plaintiffs may not dismiss their actions without prejudice merely because the law has become settled in a way that they do not like. This is especially true where dismissal would prejudice the defendants." 801 F.Supp. at 273. The Court noted that substantial resources had been committed to arguing motions for remand and motions for summary judgment and a final ruling was the most efficient way to resolve the action. Id. at 273-74.

Here, Plaintiff has informed the Court that he is likely to bring another lawsuit against Defendant if this suit is dismissed without prejudice. Defendant has gone to considerable expense and effort to defend against Plaintiff's allegations, over a three-year period. Early in this litigation, Defendant and his former co-defendants moved to dismiss and fully briefed and argued that motion to the Court. Later, Defendant served discovery and engaged in a significant amount of motion practice related to discovery. Defendant has scheduled Plaintiff's deposition on numerous occasions. Defendant has incurred significant expense in the course of defending this litigation and Plaintiff has provided little justification for seeking dismissal without prejudice, other than the desire to gain more time in which to contact an expert. Plaintiff has had ample time and opportunity in which to do so. Under these circumstances, Defendant is entitled to final resolution of the issues raised in this lawsuit. The Court therefore concludes that the voluntary dismissal without prejudice sought by Plaintiff is inappropriate and recommends the denial of Plaintiff's Motion.

### B. Motion to Compel

Plaintiff filed a Motion to Compel on February 1, 2010, seeking to compel his former counsel, Robins, Kaplan, Miller & Ciresi, LLP, and his potential forensic video expert, Barry G. Dickey, to produce all documents and records related to the forensic inspection and non-destructive testing of the videotape at issue. (Pl.'s Mot. Compel at 1, Doc. No. 205.) In light of this Court's recommendations regarding dismissal of this suit with prejudice, Plaintiff's Motion to Compel should be denied as moot. It should also be denied on the merits, as a motion to compel is not the proper mechanism by which a party may seek discovery from a non-party. Federal Rule of Civil Procedure 37 permits a party to move for an order compelling another

15

party to respond to discovery. Mr. Njaka's motion is unrelated to any discovery request and is not against an opposing party. Plaintiff's Motion to Compel should therefore be denied on the merits as well.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 191) be **DENIED**;

2. Defendant's Motion to Dismiss With Prejudice, and in the alternative, Renewed Amended Motion to Compel (Doc. No. 196), be **GRANTED**, in part, as to dismissal with prejudice, and **DENIED**, in part, as to costs and fees, and **DENIED AS MOOT** with respect to the alternative Renewed Amended Motion to Compel;

3. Plaintiff's Motion to Compel (Doc. No. 205) be **DENIED**; and

4. The Complaint be **DISMISSED WITH PREJUDICE**.

Dated: April 15, 2010

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **April 30, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.